UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CODY M. L.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

CASE NO. C24-5816-BAT

**ORDER REVERSING AND REMANDING**

Plaintiff appeals the ALJ's May 30, 2024, decision finding him not disabled. He argues

the ALJ's misevaluation of the medical opinions, his testimony, and the lay evidence, resulted in

an erroneous residual functional capacity (RFC) determination, and step four, and step five

findings. Dkt. 16 at 2. For the reasons below, the Court **REVERSES** the Commissioner's final

decision and **REMANDS** the case for further administrative proceedings under 42 U.S.C. §

405(g).

**BACKGROUND**

The ALJ found Plaintiff last engaged in substantial gainful activity in July 2015;

degenerative disc disease of the cervical spine, anxiety; post-traumatic stress disorder (PTSD),

and substance addiction disorder are severe impairments; Plaintiff has the RFC to perform

medium work with additional reaching, environmental and mental health limitations; and

ORDER REVERSING AND REMANDING - 1

1

2  Plaintiff is not disabled because he can perform past relevant work as a Kitchen Helper, and

3  other jobs such a hand packager, hospital cleaner or cleaner housekeeper. Tr. 1322. Tr. 1307-

4  1324.

5  **DISCUSSION**

6  **A.    Medical Opinion Evidence**

7        Plaintiff contends the ALJ misevaluated the opinions of Dr. Dan Neims, Psy.D., Dr. John

8  Haroian, Ph.D., Dr. David Mashburn, Ph.D., and Dr. Mark Heilbrunn, M.D. Dkt. 16 at 3-7. The

9  ALJ must articulate the persuasiveness of each medical opinion, specifically addressing the

10  supportability and the consistency of each opinion with the record. *See* 20 C.F.R. §

11  404.1520c(a)-(c). An ALJ's findings must be supported by substantial evidence. *See Woods v.*

12  *Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

13        *1.    Dr. Neims*

14        Dr. Neims examined Plaintiff on April 21, 2017, and February 23, 2018. Tr. 409-27, 443-

15  57. In 2017, Dr. Neims found Plaintiff was anxious, discouraged with low self-esteem, had

16  prominent withdrawal and avoidance, displayed patterns of panic attacks and agoraphobia, had

17  prominent patterns of somatic focus, was "help seeking." Tr. 410. In 2018, Dr. Neims found

18  Plaintiff exhibited continued avoidance, anxious arousal and panic symptoms; showed patterns

19  of agoraphobic avoidance behavior; had few social relations with others, was anxious and had

20  traumatic memories from past emotional abuse. *See* Tr. 444. In both opinions, Dr. Neims

21  diagnosed Plaintiff with panic disorder with agoraphobia, psychological factors affecting

22  physical condition, PTSD, avoidant and dependent traits, and alcohol use disorder in remission.

23  Tr. 410.

ORDER REVERSING AND REMANDING - 2

1    In both opinions, Dr. Neims opined Plaintiff was markedly limited in the ability to

2  perform activities within a schedule; maintain regular attendance; be punctual within customary

3  tolerances; adapt to changes in a routine work setting; make simple work-related decisions; ask

4  simple questions or request assistance; communicate and perform effectively in a work setting;

5  maintain appropriate behavior in a work setting; complete a normal work day and work week

6  without interruptions from psychologically based symptoms; and set realistic goals and plan

7  independently. Tr. 410-11, 444-45. Dr. Neims found Plaintiff was moderately limited in his

8  ability to perform routine tasks without special supervision and be aware of normal hazards and

9  take appropriate precautions. *Id.*

10    The ALJ found Dr. Neims' opinion Plaintiff is moderately limited was supported but

11  discounted Dr. Neims 'opinion Plaintiff is markedly limited finding:

12              Such limitations are extreme and inconsistent with his examination
              findings, which were fairly unremarkable and not consistent with
13            marked limitations. His opinion that the claimant is markedly
              limited in also not consistent with the record as a whole, which
14            shows limited mental health treatment, generally unremarkable
              mental status examinations, largely intact functioning, and a focus
15            on situational stressors during appointments.

16  Tr. 1319.

17    The Court finds the ALJ's finding is not supported by substantial evidence. Dr. Neims'

18  examination findings were not "unremarkable." Dr. Neims found Plaintiff exhibited anxious

19  mood, fair to borderline concentration and abstract thought, and Plaintiff's insight and judgment

20  were borderline with patterns of avoidance. Tr. 411-12; 445-6. Dr. Neims further found Plaintiff

21  "demonstrates prominent disability conviction" was "somatically focused and preoccupied"

22  displayed anxiety and avoidance behavior, Tr. 447-49, and concluded Plaintiff was "hampered

23  by prominent anxious arousal, somatic focus, and avoidance behavior" and Plaintiff needed

ORDER REVERSING AND REMANDING - 3

1    "comprehensive outpatient treatment for anxiety disorder and psychiatric consult with eventual

2    work hardening." Tr. 449.

3        Second, the record does not show Plaintiff has "limited mental health treatment, generally

4    unremarkable status examinations, and largely intact functioning" and Plaintiff focused on

5    "situational stressors during appointments." The ALJ noted Plaintiff's mental health treatment

6    consisted of therapy appointments and medications; Plaintiff did not start taking medications

7    until 2015 when he "left his last job"; and Plaintiff's mental health has "been complicated by

8    drug and alcohol use." Tr. 1313. The record shows Plaintiff has attempted to treat his mental

9    health problems for nearly a decade, starting in July 2016 when he saw a doctor for anxiety and

10    was prescribed Zoloft and hydroxyzine. Tr. 391-92. Plaintiff continued with different

11    medications, including Paxil, Celexa, Lexapro, Wellbutrin, BuSpar, trazodone, amitriptyline, and

12    Valium. Tr. 391-92, 482, 490, 532, 1134-40, 1992, 2026.

13        Plaintiff's therapy session treatment notes show he has received consistent counseling

14    since at least 2018. *See* Kitsap Mental Health Services records, Tr. 428-42, 480-97, 699-725,

15    1024-1170. Despite some gaps in treatment and some missed appointments, his participation in

16    therapy has overall been consistent. *See, e.g.*, Tr. 494-95 (two missed appointments in December

17    2018); Tr. 704-06 (treatment gap between February 18, 2019, and April 1, 2019). Plaintiff does

18    not claim he was disabled before 2015 when he last worked. That he started medications for his

19    mental health issues after he left his last job does not contradict Dr. Neims' opinion that during

20    the relevant time-period Plaintiff is markedly limited.

21        As to the finding Plaintiff has had "generally unremarkable mental status examinations,"

22    (MSEs), the ALJ focused on MSEs indicating Plaintiff's perception, memory, and concentration,

23    were "normal," and how Plaintiff was generally cooperative, and alert with intact judgment and

ORDER REVERSING AND REMANDING - 4

1   logical thinking. These findings do not contradict Dr. Neims' opinion that Plaintiff's anxiety

2   limits his ability to perform work functions. Nearly every MSE (covering a six-year period)

3   contains abnormal findings regarding Plaintiff's mood or affect. *See,* Tr. 1026, 1030, 1098, 1105,

4   1112, 1120, 1127, 1141, 1148, 1156, 1213, 1791, 1881, 1883, 1961, 1973, 1987, 1992, 1996,

5   2118-28, 2082 (MSEs describing plaintiff's mood as anxious, depressed, dysphoric, nervous, and

6   dysthymic, and describing plaintiff's affect as sad, constricted, congruent, blunt, flat, anxious,

7   and sullen).

8          Further, that Plaintiff's perception, memory, concentration were found to be normal, does

9   not undercut Dr. Neims' opinions which are based upon Plaintiff's anxiety and mood. The

10  abnormal results in the record regarding Plaintiff's mood and affect align with Dr. Neims'

11  findings and are **not** "generally unremarkable." *See Emily S. v. Kijakazi,* 2023 WL 3805257, at

12  *8 (N.D. Cal. June 1, 2023) (a claimant cannot have "generally normal findings" if mental status

13  examinations demonstrate consistent "mood and affect disturbances" in line with his psychiatric

14  diagnoses).

15         The ALJ further discounted Dr. Neims' opinions stating Plaintiff has "largely intact

16  functioning," and there was a "focus on situational stressors during appointments." Tr. 1319. The

17  ALJ did not identify the basis of these findings or what "intact functioning" means, and the

18  ALJ's statements are thus insufficient conclusory findings. *See* 20 C.F.R. § 404.1520c (the ALJ

19  must articulate the basis of a finding with sufficient particularity and explicitly address whether

20  medical opinions are supported and consistent with the record.).

21         The Commissioner defends the above finding arguing other examination findings in the

22  record show Plaintiff has appropriate cognition, intact memory, good insight and judgment and

23  normal concentration which contradict Dr. Neim's opinions. Dkt. 24 at 12. But Dr. Neims did

ORDER REVERSING AND REMANDING - 5

1    not find Plaintiff is markedly limited based upon cognition, memory, or concentration. Rather he

2    noted Plaintiff had intact thought process, orientation, perception, memory, fund of knowledge,

3    and concentration, Tr. 412 and 446, and opined Plaintiff was markedly limited due to his anxiety

4    and PTSD related symptoms which as noted above is consistent with the medical record.

5           As to the ALJ's determination to discount Dr. Neims' opinion as focusing on situational

6    stressors during appointments, Tr. 1319, the record shows Plaintiff has struggled with chronic

7    anxiety for year. While Plaintiff discussed in therapy situational stressors including negative

8    experiences and boundaries with family members, nearly every appointment indicated Plaintiff

9    was anxious; Plaintiff also reported his anxiety is so severe it has caused chronic stomach pains.

10   *See,* Tr. 520, 712, 716, 1089-90, 1620, 1873, 1883-87, 1981, 2013, 2024, 2033, 2036, 2058,

11   2066, 2088, 2118-24. The ALJ accordingly harmfully erred. *See Clark v. Colvin*, 2016 WL

12   6958136, at *4 (W.D. Wash. Nov. 28, 2016) (finding the ALJ erred in discounting marked

13   limitations on the basis plaintiff's stressors were primarily situational where the record overall

14   showed mental health issues were permanent/long-standing).

15          The Court also notes the ALJ discounted the opinions of Dr. Neims and Dr. Haroian

16   (discussed below) because they did not review Plaintiff's medical records, and their

17   "observations and findings were of the claimant's subjective reports and presentation at those

18   evaluations," which are "not entirely reliable." Tr. 1320. The ALJ did not indicate how or why

19   non-review of Plaintiff's medical records diminishes Dr. Neims' opinions, i.e., that Dr. Neims

20   overlooked medical evidence relevant to assessing Plaintiff. Further as discussed above, the ALJ

21   erred in finding the medical record contradicts Dr. Neims' opinion. The Court further notes the

22   ALJ discounted the doctors' opinions as based upon Plaintiff's statements or self-reports.

23

1    Clinical interviews and mental status evaluations are "objective measures and cannot be

2    discounted as a "self-report."" *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

3        The Court accordingly concludes the ALJ harmfully erred in discounting Dr. Neims'

4    opinion Plaintiff has marked mental health limitations.

5        **2.    Dr. Haroian**

6        Dr. Haroian examined Plaintiff on February 12, 2020. Tr. 746-748. The ALJ accepted Dr.

7    Haroian's opinion Plaintiff is moderately limited but rejected the opinion Plaintiff is markedly

8    limited. Tr. 1320. The ALJ found the marked limitations are "internally inconsistent and out of

9    proportion" with Dr. Haroian's examination findings, "which are largely within normal limits

10   and with unremarkable/benign objective signs (i.e., appearance, speech, attitude, affect, thought

11   process, thought content, perception, memory, capacity for abstract thinking, judgment, and

12   insight)." *Id.*

13       Without explanation, Plaintiff states Dr. Haroian opinion Plaintiff is markedly limited is

14   consistent with the doctor's exam findings. Dkt. 16 at 5. Plaintiff bears the burden to show

15   harmfully error and his conclusory statement fails to meet this burden. Further, unlike Dr. Neims

16   who detailed his evaluation findings, Dr. Haroian provided little explanation to support his

17   opinions. *Compare* Tr. 447-49 with Tr. 746-47. Dr. Haroian noted Plaintiff's mood was

18   dysphoric, and his capacity for abstract thought was mildly impaired, Tr. 749-50, but otherwise

19   observed no other abnormalities. Tr. 749-50. Given Plaintiff failure to articulate error and the Dr.

20   Haroian's limited findings the Court the ALJ did not err in discounting Dr. Haroian's opinions as

21   not supported by his examination findings.

22

23

ORDER REVERSING AND REMANDING - 7

### 3.    Dr. Mashburn

The ALJ discounted Dr. Mashburn's opinion because (1) it was based on a one-time, brief examination conducted for non-treatment purposes without review of the longitudinal evidence and overreliance on unreliable self-reporting; (2) marked limitations were not supported by the telephonic mental status examination; and (3) the doctor failed to explain how the few abnormalities he noted support marked limitations in multiple areas of functioning. Tr. 1321. Plaintiff argues, based upon the conclusory statement, that "[t]he ALJ's reasons are not valid reasons supported by substantial evidence" Dkt. 16 at 7. The argument fails because conclusory statements are insufficient to show harmful error. *See Putz v. Kijakazi*, 2022 WL 6943095, at *2 (W.D. Wash. Oct. 12, 2022) (holding where claimant failed to "actually argue" any of her points beyond "bare assertions of error," she waived the arguments) (citing *Indep. Towers of Wash. v. Washington,* 350 F.3d 925, 929 (9th Cir. 2003)). Further, the ALJ properly discounted the opinion for lack of supportability which includes the quality of the explanation given by the provider and Plaintiff has failed to challenge this finding. The Court affirms the ALJ's determination.

### 4.    Dr. Heilbrunn

Dr.  Heilbrunn examined Plaintiff in July 2018 and opined Plaintiff can walk for 1-2 hours uninterrupted, stand about 30 minutes uninterrupted, and sit without difficulty but with frequent changes of positions. Tr. 472. The doctor further found Plaintiff can perform a full range of motion, crouch, kneel, and crawl, stoop to 80 degrees, and has adequate balance bilaterally, *id.*, and Plaintiff can occasionally lift/carry with either arm 11-20 pounds in either hand. Tr. 475. The ALJ discounted these opinions as internally inconsistent, insufficiently supported by his own examination findings, and inconsistent with the record. Tr. 1317.

1    Plaintiff contends the ALJ's finding there are "inconsistencies in [Dr. Heilbrunn's]

2  opinion and because lumbar pain is a symptom not a medical impairment" are invalid grounds to

3  reject the doctor's opinions. Dkt. 16 at 7. Plaintiff argues "more recent evidence" shows Plaintiff

4  has been "repeatedly diagnosed with chronic low back pain with sciatica, mild to moderate

5  thoracoscoliosis, moderate to severe bilateral foraminal narrowing, cervical spondylosis, lumbar

6  spondylosis, degenerative disc disease, chronic pain, myofascial pain, and cervicalgia." *Id.*

7    The evidence Plaintiff cites does not show error. At step two, the ALJ found Plaintiff's

8  degenerative disc disease of the cervical spine is a serious impairment. The ALJ thus

9  acknowledged Plaintiff's back problems but found notwithstanding this impairment, Dr.

10  Heilbrunn's assessed limitations were inconsistent with the doctor's finding Plaintiff ability to sit

11  is **not** limited, or Plaintiff's reports he could walk 12-13 steps without using the railing.  Plaintiff

12  fails to challenge these findings and the Court will not "manufacture arguments where none is

13  presented." *Indep. Towers,* 350 F.3d at 929. The Court accordingly affirms the ALJ's

14  assessment.

15    **5.    Other Medical Evidence**

16    Plaintiff's opening brief contains a lengthy summary of other medical evidence, which

17  Plaintiff states in a conclusory fashion "undermines the ALJ's reasons for rejecting the opinions

18  of Dr. Neims, Dr. Haroian, Dr. Mashburn, and Dr. Heilbrunn, they undermine the ALJ's analysis

19  of Larson's testimony, and they undermine the ALJ's residual functional capacity assessment,

20  including her finding that Larson can perform medium level work." Dkt. 16 at 7-13. The Court

21  finds Plaintiff's recitation of his view of the record, standing alone, fails to sufficiently identify a

22  harmful error the ALJ committed.

23

ORDER REVERSING AND REMANDING - 9

1       **6.**        **Dr. Kraft and Dr. Kester**

2       Patricia Kraft, Ph.D. reviewed the medical evidence in July 2018, including the opinion

3 of Dr. Heilbrunn and both of Dr. Neims' reports. Tr. 75-76. Dr. Kraft opined Plaintiff's

4 impairments do not limit all potential work activities, rated Plaintiff has moderate limitations

5 interacting with the general public, accepting instructions and responding to criticism from

6 supervisors. Tr. 81, 83. Dr. Kraft opined Plaintiff "requires a setting with no public contact and

7 occasional contact with coworkers. [Plaintiff] cannot do work tasks that require him to socialize

8 or make decisions in conjunction with coworkers on a frequent basis. Capable of superficial

9 social interactions." Tr. 83. State agency psychiatric consultant Dr. Eugene Kester, M.D.,

10 reviewed the evidence in January 2019 and made similar findings to that of Dr. Kraft. Tr. 118.

11       The ALJ rejected the opinion Plaintiff cannot have any contact with the public as

12 insufficiently explained and inconsistent with the record. Tr. 1318 The ALJ found Plaintiff has

13 no difficulty interacting with others, including treating providers and other medical personnel,

14 family, and friends, and cited Plaintiff's ability to shop, engage in some work activities, and play

15 basketball with others as indicative of his "capacity to interact appropriately in a variety of

16 public settings." *Id*. The ALJ thus determined Plaintiff is not precluded from all public contact

17 and has the capacity to have occasional, superficial interactions with the public. *Id.*

18       Plaintiff broadly contends the evidence the ALJ cites does not contradict Dr. Kraft's and

19 Dr. Kester's opinions. Dkt. 16 at 14. The Court cannot say the ALJ unreasonably found Plaintiff

20 could have some limited public, based upon his activities, and affirms the ALJ's determination in

21 this regard. *See Smartt v. Kijakazi,* 53 F. 4th 489, 496 (9th Cir. 2022) (affirming ALJ's rejection

22 of medical opinion as inconsistent with claimant's daily activities documented in medical

23 records).

ORDER REVERSING AND REMANDING - 10

1      **7.      Dr. Madaleno and Dr. Hale**

2          Dr. Madaleno reviewed the medical evidence in July 2018, including the opinion of Dr.

3      Heilbrunn and both of Dr. Neims' opinions. Tr. 74-79. Dr. Madaleno found Plaintiff had no

4      severe physical impairment, noting Plaintiff had normal lumbar spine x-ray results despite his

5      claims of back pain and back tenderness. Tr. 79. Gordon Hale, M.D. reviewed the medical

6      evidence in January 2019 and affirmed the findings of Dr. Madaleno. Tr. 113. The ALJ found

7      these opinions somewhat persuasive, well-supported by narrative explanations and consistent

8      with the evidence reviewed. Tr. 1317. However, the ALJ found the degeneration evidence of

9      Plaintiff's cervical spine supports "a limitation to medium work with no more than occasional

10     overhead reaching with the upper extremities in work environments that do not involve

11     concentrated exposure to temperature extremes." *Id.*

12         Plaintiff argues the finding he has no severe physical impairment is erroneous. Dkt. 16 at

13     14. The argument fails because the ALJ *did* find Plaintiff has a severe physical impairment

14     (degenerative disc disease of the cervical spine) and did impose physical limits in the RFC.

15     Plaintiff also argues the ALJ harmfully failed to properly evaluate the medical evidence and "a

16     reasonable ALJ who properly evaluated the medical evidence and fully credited the findings and

17     opinions of Dr. Neims, Dr. Haroian, Dr. Mashburn, Dr. Heilbrunn, and [plaintiff's] treatment

18     providers could have reached a different disability determination." The ALJ is authorized and is

19     "responsible for determining credibility, resolving conflicts in medical testimony, and resolving

20     ambiguities." *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020) (quoting *Andrews v. Shalala*, 53

21     F.3d 1035, 1039 (9th Cir. 1995)). Simply saying the evidence could be assessed as Plaintiff

22     wishes does not establish harmful error. This is because even if the evidence is susceptible to

23     more than one rational interpretation, as Plaintiff suggests, the Court must uphold the ALJ's

ORDER REVERSING AND REMANDING - 11

1  determination if it is reasonable. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005). Here the

2  Court cannot say the ALJ's findings regarding the medical opinion evidence, with the exception

3  of the ALJ's assessment of Dr. Neims' opinions is unreasonable or not supported and thus

4  affirms the ALJ's determination.

5       **8.**     **Plaintiff's Testimony**

6       The ALJ did not find malingering. To reject Plaintiff's testimony the ALJ was thus

7  required to articulate "clear and convincing reasons." *Regalado v. O'Malley,* 2024 WL 3439586

8  at *1 (9th Cir. 2024) citing *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 599 (9th Cir.

9  1999). The ALJ's reasons "must be sufficiently specific to allow a reviewing court to conclude

10 the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily

11 discredit a claimant's testimony." *Brown-Hunter v. Colvin,* 806 F.3d 487, 493 (9th Cir. 2015);

12 *see also Laborin v. Berryhill,* 867 F.3d 1151, 1155 (9th Cir. 2017) (the ALJ must identify *which*

13 testimony the ALJ found not credible and explain *which* evidence contradicted that testimony).

14 General findings and conclusory statements without supporting evidence are thus insufficient.

15 *Brown-Hunter,* 806 F.3d at 494.

16      Plaintiff testified due to his anxiety, panic attacks, and associated abdominal pain, he

17 spends most of his day laying down and watching TV while his girlfriend is at work. Tr. 49.

18 Plaintiff stated sitting upright and standing worsen his abdominal pain, so he spends 85-90% of

19 an average day laying down on his back or side, Tr. 56, and he usually cannot complete

20 household chores or prepare meals for himself, but sometimes can. Tr. 49, 1373. He stated he

21 cannot make simple meals like a sandwich because by the time he stands, gets ingredients,

22 makes the food, and sits to eat, he cannot eat because his stomach is upset. Tr. 49. He stated just

23 standing causes pain and carrying anything worsens the pain. Tr. 53-54. Plaintiff further said he

1  is anxious every day, with daily spikes, and he is worse if he must go in the car or must do

2  something. Tr. 57. When he has panic attacks, he is cold and sweaty, has difficulty thinking

3  straight, and shakes until all his muscles are sore. *Id.* His panic attacks last between 20 minutes

4  and 3-4 hours. *Id.* Plaintiff states he has difficulty concentrating, isolates himself from social

5  situations by staying home, and believes he cannot maintain a normal work schedule because of

6  the pain he experiences in his abdomen while sitting or standing. Tr. 59-61. He said he attends

7  one hour therapy sessions once per week. Tr. 1370. When stated therapy helps manage his

8  anxiety, but he still experiences elevated anxiety levels and panic attacks, and it does not help his

9  inability to ride in a car. Tr. 1371-72.

10      Plaintiff also described pain in his neck and lower back that contributed to his need to lay

11  down. Tr. 1371. He stated this pain makes it difficult to complete his prescribed abdominal

12  exercises, and anxiety worsens his pain, so he tries to keep stress levels low. Tr. 1370-71. He

13  said he has received nerve blockers in his neck and spine to treat the pain, but they are not

14  helpful. *Id.* He stated he only leaves his home for doctor's appointments and driving over bridges

15  or on busy highways is overwhelming and anxiety inducing. Tr. 1377.

16      The ALJ discounted plaintiff's testimony as "not entirely consistent with the medical

17  evidence and other evidence in the record." Tr. 1313.  The ALJ found Plaintiff's statements

18  about the severity of his symptoms conflict with the objective medical evidence, evidence of

19  infrequent and conservative treatment, and evidence of improvement with treatment. Tr. 1313.

20  Plaintiff argues the record does not support the ALJ's findings and the ALJ "misapply[ed]the

21  objective evidence test." Dkt. 16 at 15. Plaintiff contends once he "showed that he has medical

22  impairments which can reasonably be expected to cause *some degree* of his symptoms and

23  limitations, the ALJ could not reject his testimony about the extent and severity of his symptoms

ORDER REVERSING AND REMANDING - 13

1   and limitations based solely upon whether objective evidence supports the degree of limitations

2   alleged[.]" *Id*. But the ALJ did not reject Plaintiff's testimony based solely on the objective

3   medical evidence, but also because she found Plaintiff improved with treatment and received

4   infrequent and conservative treatment.  Tr. 1313. The ALJ found the record does not show

5   Plaintiff's spinal problems prevent him from performing medium work with limited overhead

6   reaching for any continuous 12-month period during the period at issue. Tr. 1313. Plaintiff

7   argues this finding is not supported by substantial evidence and is "contradicted by the evidence

8   discussed in Section One above." Dkt. 16 at 15. Plaintiff provides no further discussion in

9   support and thus fails to meet his burden to show the ALJ's analysis is erroneous. *See Molina,*

10   674 F.3d at 1111 (burden of showing harmful error is on party attacking an agency's

11   determination). Plaintiff's conclusory assertion also fails to meet the requirements necessary to

12   present an issue for review. *See Putz,* 2022 WL 6943095, at *2. The Court will not "manufacture

13   arguments where none is presented." *Indep. Towers,* 350 F.3d at 929.

14          The ALJ also discounted Plaintiff's testimony on the grounds he received limited

15   treatment for his mental conditions, consisting of inconsistent therapy appointments and

16   medication; Plaintiff did not start mental health medications until he left his last job in 2015, and

17   his mental status examination findings were generally unremarkable. Tr. 1313. As noted above,

18   substantial evidence does not support these findings and the ALJ accordingly erred. The ALJ

19   also noted Plaintiff's mental health symptoms have been complicated by drug and alcohol use

20   and improve when he is compliant with treatment and medication and makes an effort to be more

21   active. *Id*. The ALJ erred in two respects. First, the ALJ failed to set forth any reasons how or

22   why Plaintiff's substance use undermined the medical opinions or Plaintiff's testimony. *See*

23   *Burrell v. Colvin,* 775 F.3d 1133, 1138-39 (9th Cir. 2014) (finding that the ALJ committed legal

1    error because he "never connected the medical record to Claimant's testimony" nor made "a

2    specific finding linking a lack of medical records to Claimant's testimony"). *See also Brown-*

3    *Hunter,* 806 F.3d at 494 (9th Cir. 2015) (finding legal error because the ALJ "failed to identify

4    the testimony she found not credible because she did not link that testimony to the particular

5    parts of the record supporting her non-credibility determination"). This was therefore not a clear

6    and convincing reason to reject plaintiff's testimony.

7         And second, if the ALJ deemed substance or alcohol use is present, the ALJ must follow

8    a specific analysis to determine whether the substance use is a contributing factor material to the

9    determination of disability.  *See* 20 C.F.R. § 416.935. The ALJ did not apply the required

10    analysis and erred in finding Plaintiff's substance use had impact on determining disability.

11        The ALJ also found Plaintiff's testimony conflicted with his activities. Tr. 1314. The ALJ

12    may discount a claimant's testimony by either explaining how the claimant's activities are

13    inconsistent with their testimony or how the activities meet the "threshold for transferable work

14    skills." *Orn v. Astrue,* 495 F.3d 625, 639 (9th Cir. 2007). Here, the ALJ  found Plaintiff's

15    testimony his physical and mental health problems cause him to need to lie down "85 to 90

16    percent of the time" and that he cannot make a simple meal for himself is inconsistent with his

17    statements he cleans the house and makes meals (Feb. 2018), cares for his cat and his daughter

18    when she visits on the weekends (March 2018), and prepares food, cleans the apartment, and

19    engages in light exercise (July 2018). Tr. 1315 (citing Tr. 447, 263-70, and 471, respectively).

20        The ALJ also noted  Plaintiff indicated he was keeping busy with "spring cleaning" in

21    April and May 2021, and did  "a lot of cleaning" in October 2021; that he visited a friend's house

22    to groom his dogs in January 2022;he occupied his day doing housework and would take his

23

ORDER REVERSING AND REMANDING - 15

1  daughter to the park in June 2023;  and  he got a pedicure and massage with his girlfriend in

2  October 2023. Tr. 1315 (citing Tr. 2004-05, 2024, 1619, 2113, and 2090, respectively).

3      Plaintiff contends none of his "limited activities" contradict his testimony, emphasizing

4  his October 2020 testimony that he lies down 85 to 90 percent of the time is not inconsistent with

5  the activities he engaged in during 2018. Dkt 16 at 16. While "disability claimants should not be

6  penalized for attempting to lead normal lives in the face of their limitations," the ALJ may

7  properly discount a claimant's testimony based upon activities which are inconsistent with the

8  claimed limitations. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The Court cannot say

9  the ALJ unreasonably found Plaintiff's activities do not square with is claim he spends 85-90

10 percent of the time lying down due to mental health problems.

11     Plaintiff fails to refute the ALJ's determination other than making a conclusory statement

12 his activities are not inconsistent with his testimony. The Court may deem arguments that are

13 unsupported by explanation to be waived. *See, e.g., Putz,* 2022 WL 6943095, at *2; *Indep.*

14 *Towers,* 350 F.3d at 929-30. The ALJ properly considered the inconsistencies between plaintiff's

15 testimony and his activities, and her conclusion was supported by substantial evidence. The

16 Court thus finds the ALJ provided at least one valid reason supported by substantial evidence to

17 discount Plaintiff's testimony and that other invalid considerations are harmless. The Court

18 affirms the ALJ's determination to discount Plaintiff's testimony.

19     **9.    Lay Witness Testimony**

20     Plaintiff argues the ALJ erroneously failed to discuss the lay statement of his mother,

21 Elissa L. and failed to credit the statements of lay witnesses Jo Brickle and Kristi Breton in the

22 RFC. Dkt. 16 at 18. Lay witnesses are an important source of information about a claimant's

23 impairments, *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1298 (9th Cir. 1999),

1 | and the ALJ should thus consider lay witness testimony in determining disability. *Stout v.*

2 | *Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). An ALJ may discredit a lay

3 | witness' testimony by providing specific reasons "germane to each witness." *Bruce v. Astrue,*

4 | 557 F.3d 1113, 1115 (9th Cir. 2009). In his opening brief, Plaintiff failed to provide any rationale

5 | for how or why the ALJ erred in discounting the statements of Jo Brickle or Laura Daley. *See*

6 | Dkt. 16 at 18. In his reply brief, Plaintiff merely states none of the ALJ's reasons are germane.

7 | Dkt. 22 at 9. Plaintiff fails to carry his burden to show error by making conclusory statements or

8 | announcing the ALJ is wrong. Plaintiff specifically fails to explicate how or why the ALJ's

9 | finding the testimony of these witnesses do not square with the clinical observations of medical

10 | professionals, the medical evidence or Plaintiff's activities, and contemporaneous reports to

11 | providers. Tr. 1321. *See Dewey v. Colvin*, 650 Fed.App'x 512, 514-15 (9th Cir. 2016)

12 | ("Inconsistency with Claimant's self-reported activities of daily living was a specific and

13 | germane reason"); *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir. 2001) (an ALJ may discount lay

14 | testimony if it conflicts with medical evidence). Accordingly, the Court affirms the ALJ's

15 | assessment as to the statements of Ms. Brickle and Daley.

16 |      The record shows the ALJ failed to mention or address the statements of Plaintiff's

17 | mother. The Commissioner contends the ALJ need not explain how she evaluated this statement

18 | citing to *Hudnell v. Dudek*, which provides no authority as a withdrawn and vacated decision.

19 | *See Hudnell v. Dudek,* 133 F.4th 968 (2025). Additionally, the Commissioner's argument

20 | assumes the ALJ considered the statement of Plaintiff's mother, but the assumption is

21 | unsupported because the decision never mentions the statement. As the record does not indicate

22 | whether the ALJ considered the statement of Plaintiff's mother, the Court finds the ALJ should

23 | assess what weight the letter should be given on remand.

ORDER REVERSING AND REMANDING - 17

**CONCLUSION**

For the foregoing reasons, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further proceedings under sentence four of 41 U.S.C. § 405(g). Plaintiff contends remand for an award of benefits should be ordered but the Court finds additional proceedings are necessary because the opinion of Dr. Neims, and the statement of Plaintiff's mother both need to be weighed, and these are determinations reserved to the Commissioner.

On remand, the ALJ shall reevaluate the opinions of Dr. Neims, and the statement of Plaintiff's mother; develop the record and redetermine RFC as needed; and proceed to the remaining steps of the disability evaluation process as appropriate.

DATED this 28th day of April 2025.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge